IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALYSSA MARIE PRATZ, individually and on behalf of others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>MOD SUPER FAST PIZZA, LLC, d/b/a MOD PIZZA, a Delaware limited liability company,<br><br>  Defendant. | Case No. 21-cv-757- RJD |

**ORDER**

**DALY, Magistrate Judge:**

  Plaintiff filed this suit on behalf of herself and fellow employees of Defendant, alleging that it violated the Illinois Biometric Information Privacy Act (Doc. 1).  In January 2020, Plaintiff's counsel filed a similar suit in the Circuit Court of Cook County, Illinois, but that matter was dismissed without prejudice after Plaintiff's counsel learned that most of Defendant's employees had signed various waivers that would affect their ability to proceed with litigation (Doc. 20).  However, the parties continued to discuss settlement negotiations and ultimately reached an agreement; counsel then filed suit on behalf of Plaintiff Pratz and the putative class members in this Court on June 30, 2021 (*Id*.).  Plaintiff's counsel filed a Rule 23 settlement class member list under seal that identified 1,134 individuals (Doc. 21).  The undersigned approved the settlement and dismissed this matter with prejudice on June 27, 2022 (Docs. 30 and 31).

  Since then, Defendant learned that it inadvertently omitted 112 employees from the class (Doc. 33).  The parties have reached a settlement regarding those 112 employees, agreeing that they should receive the same settlement terms as the original 1,134 members.  In a joint motion,

the parties ask the Court to approve that settlement (*Id.*).  They point to a provision in their original settlement agreement that states the Court would retain jurisdiction to enforce the agreement.  Regardless of what the parties agreed between themselves, the Court generally cannot dismiss a case with prejudice and retain jurisdiction to enforce the terms of the settlement simply because the parties agree to continued jurisdiction.  *See Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006).  Of course, there are avenues for amending prior orders, but the parties' joint motion does not identify any such avenue.  *See, e.g.,* FED. R. CIV. P. 60(b).  Accordingly,  the "Joint Application for Order Upon Stipulation Regarding Further Proceedings"  (Doc. 33) is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

**DATED:   October 11, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**