IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALYSSA MARIE PRATZ, individually and )
on behalf of others similarly situated, )
)
      Plaintiff, )
)     Case No. 21-cv-757- RJD
      v. )
)
MOD SUPER FAST PIZZA, LLC, d/b/a )
MOD PIZZA, a Delaware limited liability )
company, )

      Defendant.

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff filed this suit on behalf of herself and fellow employees of Defendant, alleging that it violated the Illinois Biometric Information Privacy Act (Doc. 1). In January 2020, Plaintiff's counsel filed a similar suit in the Circuit Court of Cook County, Illinois, but that matter was dismissed without prejudice after Plaintiff's counsel learned that most of Defendant's employees had signed various waivers that would affect their ability to proceed with litigation (Doc. 20). The parties continued to discuss settlement negotiations and ultimately reached an agreement; counsel then filed suit on behalf of Plaintiff Pratz and the putative class members in this Court on June 30, 2021 (*Id.*). Plaintiff's counsel filed a Rule 23 settlement class member list under seal that identified 1,134 individuals (Doc. 21). The undersigned approved the settlement and dismissed this matter with prejudice on June 27, 2022 (Docs. 30 and 31).

Defendant then learned that it inadvertently omitted 112 employees from the class (Doc. 33). The parties reached a settlement regarding those 112 employees, agreeing that they should receive the same settlement amount as the original 1,134 members. In a "Joint Application for

Order on Stipulation Regarding Further Proceedings," the parties asked the Court to approve the settlement, pointing to a provision in their original settlement agreement that states the Court would retain jurisdiction to enforce the agreement  (Doc. 33).   Their "Joint Application" was denied because the Court generally cannot dismiss a case with prejudice and retain jurisdiction to enforce the terms of the settlement simply because the parties agree to continued jurisdiction.   *See Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006).

The parties have now filed a "Joint Motion for Relief from a Final Order pursuant to Federal Rule of Civil Procedure 60(b)" (Doc. 37), asking the Court to amend its final judgment because of Defendant's inadvertent omission of the 112 employees from the original class.   The parties explain that Defendant used incorrect search criteria when it originally generated the class list, causing the omission of the 112 employees.   The Court agrees that Defendant's mistake appears to be a sufficient basis to invoke Rule 60(b), which applies to mistakes and inadvertence by parties.   *See Pearson v. Target Corp.*, 893 F.3d 980, 984 (7th Cir. 2018).[1]   Rule 60(b) motions must be filed within one year of the final judgment.   *Id*.   The instant motion was filed approximately five months after the final judgment.

The Court notes that in their "Joint Application for Order on Stipulation Regarding Further Proceedings" (Doc. 33),  the parties had informed the Court that the 112 new class members should be given the opportunity to opt out of the settlement.   The parties provided the Court with a proposed notice to send to the 112 class members that provided information on how to exclude themselves from the settlement.   Doc. 33, p. 10-14.   No mention is made of opting out in the

---

[1]  Rule 60(b) is "not to be invoked" in instances where a party makes an ill-advised strategic decision.   *Sadowski v. Bombardier, Ltd*., 539 F.2d 615, 618 (7th Cir. 1976).   That does not appear to be the case here; the record reflects that Defendant intended to include all 1,246 members of the class but simply erred in the way it electronically searched for those members.

instant motion, nor is a proposed notice provided to the Court.   It is unclear whether this omission was intentional or an oversight.   **Accordingly, on or before April 12, 2023, the parties shall _either_ submit a proposed order that refers to notice to the new class members and the procedure for excluding themselves from the settlement _or_ file a brief that explains why the new class members should not be given notice and the opportunity to exclude themselves from settlement.**

In the meantime, the Court takes the "Joint Motion for Relief from a Final Order pursuant to Federal Rule of Civil Procedure 60(b)" (Doc. 37) under advisement.   Also pending before the Court is Defendant's Motion for Leave to file the names of the 112 new class members under seal (Doc. 32).   Good cause was previously established for keeping the names of the class members under seal (Docs. 12 and 24) and therefore the Motion for Leave (Doc. 32) is GRANTED.

**IT IS SO ORDERED.**

**DATED:   March 29, 2023**

s/ _Reona J. Daly_
**Hon. Reona J. Daly**
**United States Magistrate Judge**