IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALYSSA MARIE PRATZ, individually and on behalf of others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MOD SUPER FAST PIZZA, LLC, d/b/a MOD PIZZA, a Delaware limited liability company,<br><br>　　　　Defendant. | Case No. 21-cv-757- RJD |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on the Parties' Joint Motion for Relief from a Final Order Pursuant to Federal Rule of Civil Procedure 60(b)(1) (the "Joint Motion"). The parties consented to the undersigned Magistrate Judge conducting all proceedings in this matter, including entry of final judgment, pursuant to 28 U.S.C. §636(c). *See Williams v. Gen. Elec. Capital Auto Lease, Inc.*, 159 F.3d 266, 269 (7th Cir. 1998). The Court reviewed in detail the Joint Motion and considered it in light of the Plaintiff's Motion for Final Approval of Class Action Settlement (Doc. 27) that was approved on June 27, 2022 (Doc. 29). The Joint Motion (Doc. 37) is GRANTED.

　　IT IS HEREBY ORDERED:

　　1.　This Court has jurisdiction over the subject matter of the Litigation and personal jurisdiction over all parties to the Litigation, including all Rule 23 Settlement Class Members.

2.	The Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated February 25, 2022, and the Court finds that adequate notice was given to members of the Rule 23 Settlement Class pursuant to the terms of the Preliminary Approval Order.

3.	The Court held a Final Approval Hearing on June 27, 2022, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

4.	On June 27, 2022, the Court granted Final Approval of the Settlement. Doc. 29.

5.	On November 14, 2022, the Parties filed the Joint Motion, indicating that Defendant had determined it inadvertently omitted 112 individuals from the Settlement Class, and requesting Final Approval be amended to allow a recovery for these 112 individuals on terms identical to the other members of the Settlement Class. The Court finds that Defendant's mistake is a sufficient basis to invoke Rule 60(b), which applies to mistakes and inadvertence by parties. *See Pearson v. Target Corp.*, 893 F.3d 980, 984 (7th Cir. 2018).[1] Rule 60(b) motions must be filed within one year of the final judgment. *Id*. The Joint Motion was filed approximately five months after the final judgment.

6.	The 112 additional class members will be provided with notice of the Settlement that is substantially similar (to the extent practicable) to the Notice of Proposed Class Action Settlement that was earlier provided to the Rule 23 Settlement Class Members and attached as Exhibit 2-A to Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (Doc. 127-3).

---

[1] Rule 60(b) is "not to be invoked" in instances where a party makes an ill-advised strategic decision. *Sadowski v. Bombardier, Ltd.*, 539 F.2d 615, 618 (7th Cir. 1976). Here, however, the record reflects that Defendant intended to include al1 1,246 members of the class but simply erred in the way it electronically searched for those members.

7. The 112 additional class members will have an opportunity to exclude themselves from the Settlement. The notice sent to the 112 additional class members will include the procedure and deadline for filing exclusion request and inform them that they will be bound by the Release contained in the Settlement Agreement unless they timely exercise their right to exclusion.

8. Based on the motions filed with the Court and the presentations made to the Court by the parties and other interested persons at the Final Approval Hearing, the Court now amends final approval of the Settlement and finds that the Settlement Agreement, as amended by this Order to include an additional 112 Class Members, remains fair, adequate, reasonable, and in the best interests of the Rule 23 Settlement Class. The fact that the Settlement Agreement is the result of arms-length negotiations further supports this finding.

9. Pursuant to Rule 23, the Court finally certifies, for settlement purposes only, the following Rule 23 Settlement Class:

> All individuals who work or worked at a MOD Super Fast Pizza, LLC ("Defendant" or "MOD") location in the State of Illinois and who registered for or used a finger scan timekeeping system in connection with their employment with MOD from June 30, 2016 to June 30, 2021, except for those individuals who previously released their BIPA claims against Defendant.

10. There were no requests for exclusion from the initial members of the Rule 23 Settlement Class.

11. For settlement purposes only, the Court confirms the appointment of Plaintiff Alyssa Marie Pratz as Class Representatives of the Rule 23 Settlement Class.

12. For settlement purposes only, the Court confirms the appointment of the following counsel as Class Counsel, and finds they are experienced in class litigation and have adequately represented the Rule 23 Settlement Class:

      Benjamin J. Whiting
      Alex J. Dravillas
      Keller Postman LLC
      150 N. Riverside Plaza, Suite 4100
      Chicago, IL 60606

13. With respect to the Rule 23 Settlement Class, this Court previously found, for settlement purposes only, that: (a) the Rule 23 Settlement Class defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Rule 23 Settlement Class, and those common questions predominate over any questions affecting only individual members; (c) the Class Representative and Class Counsel have fairly and adequately protected, and will continue to fairly and adequately protect, the interests of the Rule 23 Settlement Class; and (d) certification of the Rule 23 Settlement Class is an appropriate method for the fair and efficient adjudication of this controversy.

14. The Court has determined that the Notice given to the Rule 23 Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Rule 23 Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Rule 23, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.

15. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The terms of the Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

16. This case is dismissed with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff's and all Rule 23 Settlement Class Members' claims against Defendants. The Court adjudges that the Released Claims and all of the claims described in the Settlement Agreement are released against the Releasees.

17. The Court adjudges that the Plaintiff and all Rule 23 Settlement Class Members who have not opted out (or, for the additional 112 class members, do not timely opt out) of the Rule 23 Settlement Class shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Releasees, as defined under the Settlement Agreement.

18. The Released Claims specifically extend to claims that Plaintiff and Rule 23 Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement Agreement, and the releases contained therein, become effective.

19. The Court further finds that, upon entry of this Order, the Settlement Agreement and the above-described release of the Released Claims will be binding on, and have res judicata preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Rule 23 Settlement Class Members who did not or do not validly and timely exclude themselves from the Settlement, and their respective affiliates, assigns, heirs, executors, administrators, successors, and agents, as set forth in the Settlement Agreement. The Releasees may file the Settlement Agreement and/or this Amended Final Order and Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20. Plaintiff and Rule 23 Settlement Class Members who did not or do not validly and timely request exclusion from the Settlement are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against any of the Releasees.

21. The Court approves payment of attorneys' fees of 35% of the settlement, along with costs and expenses of $402.00, to Class Counsel, totaling $512,819.50. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs and expenses, finds the award of attorneys' fees, costs and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Rule 23 Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was negotiated at arms-length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefits for the Rule 23 Settlement Class Members. Finally, the Court notes that the Class Notice specifically and clearly advised the Rule 23 Settlement Class that Class Counsel would seek an award in the amount sought.

22. The Court approved the incentive award in the amount of $3,000.00 for the Class Representative Alyssa Marie Pratz, and specifically found such amount to be reasonable in light of the services performed by Plaintiff for the Rule 23 Settlement Class, including taking on the risks of litigation, active engagement in discovery, and helping achieve the results to be made available to the Rule 23 Settlement Class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

23. Neither this Amended Final Order and Judgment, nor the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendant or any of the Releasees of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims. This Amended

Final Order and Judgment is not a finding of the validity or invalidity of any claims in this Litigation or a determination of any wrongdoing by Defendant or any of the Releasees. The final approval of the Settlement Agreement does not constitute any position, opinion, or determination of this Court, one way or another, as to the merits of the claims or defenses of Plaintiff, the Rule 23 Settlement Class Members, or Defendant.

24.   The Parties, without further approval from the Court, are hereby permitted to jointly agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Amended Final Order and Judgment and do not limit the rights of the Rule 23 Settlement Class Members.

**IT IS SO ORDERED.**

**DATED:   April 18, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**